UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:23-cv-00736-RJC-SCR

| Carolina Drywall Supply, LLC, | ) |  |
|---|---|---|
| Plaintiff, | ) | |
| v. | ) | **ORDER** |
| George R. Dean and Everdean Construction, LLC, | ) | |
| Defendants. | ) | |

**THIS MATTER** is before the Court on Plaintiff Carolina Drywall Supply, LLC's Motion for Default Judgment, (Doc. No. 8), and Motion to Expedite Entry of Default Judgment, (Doc. No. 10). For the reasons explained below, Plaintiff's Motion for Default Judgment is **GRANTED**.

**I. BACKGROUND**

A. Procedural Background

On November 3, 2023, Plaintiff Carolina Drywall Supply, LLC brought suit against Defendants George R. Dean and Everdean Construction, LLC, asserting claims for breach of contract, breach of personal guaranty, account stated, quantum meruit, and violation of N.C. Gen. Stat. § 75-1.1. (Doc. No. 1). Plaintiff filed an Affidavit of Service on January 9, 2024, indicating that Defendants were properly served on January 3, 2024. (Doc. No. 5). Defendants' answers were due by January 24, 2024. No answer having been filed, on February 2, 2024, the Clerk of Court entered default against Defendants. (Doc. No. 7). Plaintiff moved for default judgment

1

on February 22, 2024. (Doc. No. 8). On June 25, 2024, Plaintiff moved to expedite entry of default judgment. (Doc. No. 10).

B. Factual Background

Plaintiff Carolina Drywall Supply, LLC is a North Carolina limited liability company that manufactures and supplies drywall, steel framing, and ceiling systems materials to customers throughout the southeast United States. (Doc. No. 1 at 2–3). Defendant Everdean Construction, LLC is a Florida limited liability company and licensed general contractor that performs construction work throughout the southeast United States, including North Carolina. (*Id.*). Defendant George R. Dean is a Florida resident and the managing member of Defendant Everdean Construction, LLC. (*Id.*).

On July 20, 2022, Defendant Everdean submitted an online credit application to Plaintiff to purchase construction materials and supplies on an open account. (Doc. No. 1 at 3; Doc. No. 1-1). By signing the application, Defendant agreed that "[p]ayment terms shall be net 30 unless otherwise agreed upon in writing by applicant company and [Plaintiff]." (Doc. No. 1-1 at 10). The application provides that the account "is subject to a late charge of 1.5% per month on all past due invoices" and that "failure to pay will result in collections fees and/or attorney's fees for which this company and myself will be held responsible." (*Id.*). Defendant George R. Dean executed the application and "personally and unconditionally guarantee[d] payment

2

and performance of all obligations of [Defendant] to [Plaintiff] (including, but not limited to, all interest, attorney's fees and charges)."[1] (*Id.* at 11, 16).

Upon receipt of the executed application, Plaintiff opened an account for Defendant Everdean. (Doc. No. 1 at 4). While Defendant paid for some of the construction materials it requested, it failed to pay for other invoices as required by the parties' agreement. (*Id.*). Specifically, Defendant requested construction materials from September 2022 through April 2023 for projects located in Charlotte, North Carolina and Winter Haven, Florida; Plaintiff provided the materials as requested and issued invoices in accordance with the parties' agreement. (*Id.*; Doc. No. 1-2). Despite Plaintiff's repeated demands for payment and Defendant Everdean's repeated assurances that payment was forthcoming, Defendant failed to pay. (Doc. No. 1 at 5).

On July 28, 2023, Defendant Dean executed a payment agreement providing that Defendant Everdean would pay Plaintiff the principal amount owed via monthly $10,000 installments. (*Id.*; Doc. No. 1-3). The payment agreement provides for recovery of reasonable attorneys' fees and costs:

> In the event of a dispute arising under this Payment Agreement, including Everdean's failure to make the required payments under the Payment Agreement, whether or not a lawsuit or other proceeding is filed, the prevailing party shall be entitled to recover its reasonable attorneys' fees and costs, including attorneys' fees and costs incurred in litigating entitlement to attorneys' fees and costs, as well as in determining or quantifying the amount of recoverable attorneys' fees and costs. The reasonable costs to which the prevailing party is entitled

---

[1] The credit application provides that the guaranty "shall be governed by the laws of the State of North Carolina and venue shall be in Mecklenburg County, North Carolina, at the sole discretion of [Plaintiff]." (Doc. No. 1-1 at 11–12).

3

> shall include costs that are taxable under any applicable statute, rule, or guideline, as well as non-taxable costs, including, but not limited to, costs of investigation, copying costs, electronic discovery costs, telephone charges, mailing and delivery charges, information technology support charges, consultant and expert witness fees, travel expenses, court reporter fees, and mediator fees, regardless of whether such costs are otherwise taxable.

(Doc. No. 1-3 at 1–2).

Defendant Everdean failed to make installment payments as required by the payment agreement. (Doc. No. 1 at 6, 8). On October 5, 2023, Plaintiff sent Defendants a written demand letter and ten-day notice to cure. (*Id.*; Doc. No. 1-4). The letter advised Defendants of Plaintiff's intent to declare the principal balance owed immediately due and to seek attorneys' fees pursuant to N.C. Gen. Stats. §§ 6-21.2 and 6-21.6. (Doc. No. 1-4 at 1–2). Defendants failed to cure within the ten-day period. (Doc. No. 1 at 7). On October 17, 2023, Plaintiff sent a second demand letter advising Defendants that the principal balance owed was immediately due and again declaring Plaintiff's intent to seek attorneys' fees. (*Id.* at 6–7; Doc. No. 1-5). Defendants have not made any payments to date. (Doc. No. 1 at 7).

The principal total amount due under all outstanding invoices, not including accrued interest or finance charges, is $136,965.13. (*Id.* at 5; Doc. No. 1-2). Plaintiff now seeks entry of a final judgment against Defendants, jointly and severally, for: (1) the principal sum certain of $136,965.13; (2) accrued interest of $25,053.99 through February 22, 2024; (3) accruing interest on the principal sum at the rate of $67.54 per day until entry of final judgment; (4) Plaintiff's attorneys' fees and costs incurred regarding this dispute and in this action; and (5) interest on all sums

4

awarded at the applicable legal rate from the date of entry of judgment forward. (Doc. No. 8).

## II. LEGAL STANDARD

Under Rule 55 of the Federal Rules of Civil Procedure, "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." Fed. R. Civ. P. 55(a). Upon the entry of default, the defaulted party is deemed to have admitted all well-pleaded allegations of fact contained in the complaint. *Ryan v. Homecomings Fin. Network*, 253 F.3d 778, 780 (4th Cir. 2001); *J & J Sports Prods., Inc. v. Romenski*, 845 F. Supp. 2d 703, 705 (W.D.N.C. 2012); *see also* Fed. R. Civ. P. 8(b)(6) ("An allegation—other than one relating to the amount of damages—is admitted if a responsive pleading is required and the allegation is not denied."). The defendant is not deemed, however, to have admitted conclusions of law, and the entry of "default is not treated as an absolute confession by the defendant of his liability and of the plaintiff's right to recover." *Ryan*, 253 F.3d at 780 (citations omitted); *see also J & J Sports Prods.*, 845 F. Supp. 2d at 705; *EEOC v. Carter Behavior Health Servs.*, 2011 U.S. Dist. LEXIS 129493, 2011 WL 5325485, at *3 (E.D.N.C. Oct. 7, 2011). Rather, in determining whether to enter judgment on the default, the court must determine whether the well-pleaded allegations in the complaint support the relief sought. *See Ryan*, 253 F.3d at 780; *DIRECTV, Inc. v. Pernites*, 200 F. App'x 257, 258 (4th Cir. 2006) (a "defendant is not held to admit facts that are not well-pleaded or to admit conclusions of law"); *J & J Sports Prods.*, 845

5

F. Supp. 2d at 705; 10 A Wright, Miller & Kane, Federal Practice and Procedure § 2688 (3d ed. Supp. 2010) ("[L]iability is not deemed established simply because of the default . . . and the court, in its discretion, may require some proof of the facts that must be established in order to determine liability.").

To that end, the Fourth Circuit has "repeatedly expressed a strong preference that, as a general matter, defaults be avoided and that claims and defenses be disposed of on their merits." *Colleton Preparatory Acad., Inc. v. Hoover Univ., Inc.*, 616 F.3d 413, 417 (4th Cir. 2010) (citations omitted). Nonetheless, default judgment "may be appropriate when the adversary process has been halted because of an essentially unresponsive party." *SEC v. Lawbaugh*, 359 F. Supp. 2d 418, 421 (D. Md. 2005). If the court finds that liability is established, it must then determine damages. *J & J Sports Prods.*, 845 F. Supp. 2d at 706 (citing *Ryan*, 253 F.3d at 780–81). The court must make an independent determination regarding damages and cannot accept as true factual allegations of damages. *Id.* (citing *Lawbaugh*, 359 F. Supp. 2d at 422); *Anheuser Busch, Inc. v. Philpot*, 317 F.3d 1264, 1266 (11th Cir. 2003) (noting the court must "assure that there is a legitimate basis for any damage award it enters."). While the court may conduct an evidentiary hearing to determine damages, it is not required to do so, but may rely instead on affidavits or documentary evidence in the record to determine the appropriate sum. *See EEOC v. CDG Mgmt., LLC*, No. RDB-08-2562, 2010 U.S. Dist. LEXIS 124919, 2010 WL 4904440, at *2 (D. Md. Nov. 24, 2010) (citations omitted); *EEOC v. North Am. Land Corp.*, No. 1:08-cv-501, 2010 U.S. Dist. LEXIS 78928, 2010 WL 2723727, at *2 (W.D.N.C. July 8, 2010).

6

## III. DISCUSSION

Defendants have yet to appear and cure their default or otherwise defend this action. Defendants were served with process on January 3, 2024. (Doc. Nos. 5, 5-1, 5-2). By their default, Defendants have admitted the complaint's material allegations that they requested, received, and failed to pay for $136,965.13 of Plaintiff's construction materials. In support of its claims, Plaintiff submitted a statement of account dated October 5, 2023, reflecting past due invoices and the principal amount owed. (Doc. No. 1-2). By failing to pay for the construction materials provided, Defendants failed to comply with the definite terms of the parties' agreements. Plaintiff's allegations, taken as true, are sufficient to state a claim for breach of contract and breach of personal guaranty against Defendants. Thus, the Court finds that Plaintiff is entitled to $136,965.13 in monetary damages.[2]

Plaintiff additionally seeks interest at a rate of 1.5% per month up until the date of judgment. In diversity cases, "state law applies to questions involving prejudgment interest." *United States v. Dollar Rent A Car Sys. Inc.*, 712 F.2d 938, 940 (4th Cir. 1983). Under North Carolina law, pre-judgment interest is calculated from the date of breach, "at the rate of interest provided in the contract, or at the legal rate if the parties have not agreed on their own rate." *Craftique, Inc. v. Stevens*

---

[2] The Court cannot and declines to award duplicative damages based on Plaintiff's alternative claims for recovery: account stated and quantum meruit. While Plaintiff does not seek treble damages in its instant motion, the Court finds that Plaintiff has failed to sufficiently plead "substantial aggravating circumstances" to proceed with its N.C. Gen. Stat. § 75-1.1 claim. *Lowe's Co. v. Ferrandino & Son, Inc.*, No. 5:22-cv-00033KDB-DCK, 2022 U.S. Dist. LEXIS 132447, at *6–7 (W.D.N.C. July 25, 2022).

*and Co.*, 321 N.C. 564, 569, 364 S.E.2d 129 (1988). Here, the credit application provides that Defendants' account "is subject to a late charge of 1.5% per month on all past due invoices." (Doc. No. 1-1 at 10). By signing the credit application, Defendants agreed that "[p]ayment terms shall be net 30 unless otherwise agreed upon in writing." (*Id.*). The statement of account submitted by Plaintiff contains invoice dates, numbers, and net amounts owed; as of October 5, 2023, the accrued interest totaled $15,598.39. (Doc. No. 1-2). The Court finds that Plaintiff is entitled to accrued contractual interest in the amount of $15,598.39 through October 5, 2023, and continuing interest at a rate of 1.5% per month until judgment is entered.

Plaintiff additionally seeks attorneys' fees and costs as provided by the parties' agreements and N.C. Gen. Stats. §§ 6-21.2 and/or 6-21.6. A federal court sitting in diversity applies state law when determining whether to award attorneys' fees. *See Alyeska Pipeline Serv. Co. v. Wilderness Soc'y*, 421 U.S. 240, 259 n.31, 95 S. Ct. 1612, 44 L. Ed. 2d 141 (1975). Under North Carolina law, a party generally cannot recover attorneys' fees "unless such a recovery is expressly authorized by statute." *Stillwell Enter., Inc. v. Interstate Equip. Co.*, 300 N.C. 286, 289, 266 S.E.2d 812, 814 (N.C. 1980). Authorizing attorneys' fees in this context, N.C. Gen. Stat. § 6-21.2 provides in part:

> Obligations to pay attorneys' fees upon any note, conditional sale contract or other evidence of indebtedness, in addition to the legal rate of interest or finance charges specified therein, shall be valid and enforceable, and collectible as part of such debt, if such note, contract or other evidence of indebtedness be collected by or through an attorney at law after maturity, subject to the following provisions:
>
> (1) If such note, conditional sale contract or other evidence of

indebtedness provides for attorneys' fees in some specific percentage of the "outstanding balance" as herein defined, such provision and obligation shall be valid and enforceable up to but not in excess of fifteen percent (15%) of said "outstanding balance" owing on said note, contract or other evidence of indebtedness.

(2) If such note, conditional sale contract or other evidence of indebtedness provides for the payment of reasonable attorneys' fees by the debtor, without specifying any specific percentage, such provision shall be construed to mean fifteen percent (15%) of the "outstanding balance" owing on said note, contract or other evidence of indebtedness.

The statute further requires that a creditor notify all parties sought to be held on the obligation that the creditor will seek to enforce the attorneys' fees provision contained in the note or other evidence of indebtedness, and that if the party pays the outstanding balance within five days from the mailing of such notice, then the attorneys' fee obligation shall be void. N.C. Gen. Stat. § 6-21.2(5).

Here, the parties' credit application provides that "failure to pay will result in collections fees and/or attorney's fees for which [Defendant Everdean] and [Defendant Dean] will be held responsible." (Doc. No. 1-1 at 10). And the parties' payment agreement provides in relevant part:

> In the event of a dispute arising under this Payment Agreement, including Everdean's failure to make the required payments under the Payment Agreement, whether or not a lawsuit or other proceeding is filed, the prevailing party shall be entitled to recover its reasonable attorneys' fees and costs, including attorneys' fees and costs incurred in litigating entitlement to attorneys' fees and costs, as well as in determining or quantifying the amount of recoverable attorneys' fees and costs.

(Doc. No. 1-3 at 2). Neither the credit application nor the payment agreement specifies an amount of fees to be awarded; thus, Plaintiff is entitled to recover attorneys' fees in an amount equal to 15% of the outstanding balance owed at the

9

time of filing suit. N.C. Gen. Stat. § 6-21.2(3). Plaintiff provided notice to Defendants pursuant to N.C. Gen. Stat. § 6-21.2(5), and Defendants have failed pay the outstanding balance or otherwise respond. (Doc. Nos. 1-4, 1-5). Accordingly, the Court awards $23,178.33 in attorneys' fees, an amount equal to 15% of the outstanding balance due at the time of filing suit ($154,522.18).

Plaintiff also seeks post-judgment interest. Post-judgment interest in diversity actions is calculated at the federal, rather than state, rate. *H&E Equip. Servs. v. Oak City Contracting, LLC*, No. 5:19-CV-361-FL, 2020 U.S. Dist. LEXIS 51551, at *12 (E.D.N.C. Mar. 25, 2020) (citing *Forest Sales Corp. v. Bedingfield*, 881 F.2d 111, 113 (4th Cir. 1989)). Here, Plaintiff may recover post judgment interest under 28 U.S.C. § 1961. *See* 28 U.S.C. § 1961 ("Interest shall be allowed on any money judgment in a civil case recovered in a district court.").

## IV. CONCLUSION

**IT IS, THEREFORE, ORDERED** that:

1. Plaintiff's Motion for Default Judgment, (Doc. No. 8), is **GRANTED** as to its breach of contract and breach of personal guaranty claims. Defendants are jointly and severally liable to Plaintiff for the following amounts:

    a. Principal in the amount of $136,965.13;

    b. Accrued contractual interest in the amount of $15,598.39 through October 5, 2023, and continuing interest at a rate of 1.5% per month until judgment is entered;

    c. Attorneys' fees in the amount of $23,178.33; and

10

Case 3:23-cv-00736-RJC-SCR   Document 11   Filed 08/23/24   Page 10 of 11

time of filing suit. N.C. Gen. Stat. § 6-21.2(3). Plaintiff provided notice to Defendants pursuant to N.C. Gen. Stat. § 6-21.2(5), and Defendants have failed pay the outstanding balance or otherwise respond. (Doc. Nos. 1-4, 1-5). Accordingly, the Court awards $23,178.33 in attorneys' fees, an amount equal to 15% of the outstanding balance due at the time of filing suit ($154,522.18).

Plaintiff also seeks post-judgment interest. Post-judgment interest in diversity actions is calculated at the federal, rather than state, rate. *H&E Equip. Servs. v. Oak City Contracting, LLC*, No. 5:19-CV-361-FL, 2020 U.S. Dist. LEXIS 51551, at *12 (E.D.N.C. Mar. 25, 2020) (citing *Forest Sales Corp. v. Bedingfield*, 881 F.2d 111, 113 (4th Cir. 1989)). Here, Plaintiff may recover post judgment interest under 28 U.S.C. § 1961. *See* 28 U.S.C. § 1961 ("Interest shall be allowed on any money judgment in a civil case recovered in a district court.").

## IV. CONCLUSION

**IT IS, THEREFORE, ORDERED** that:

1. Plaintiff's Motion for Default Judgment, (Doc. No. 8), is **GRANTED** as to its breach of contract and breach of personal guaranty claims. Defendants are jointly and severally liable to Plaintiff for the following amounts:

    a. Principal in the amount of $136,965.13;

    b. Accrued contractual interest in the amount of $15,598.39 through October 5, 2023, and continuing interest at a rate of 1.5% per month until judgment is entered;

    c. Attorneys' fees in the amount of $23,178.33; and

d. All post-judgment interest that accrues on the judgment until it is paid in full.

Signed: August 22, 2024

Robert J. Conrad, Jr.
United States District Judge